Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0006568312
Filing Date: 03/14/2018 01:51:58 PM CDT

## IN THE DOUGLAS COUNTY DISTRICT COURT OF NEBRASKA

| | | |
|---|---|---|
| PATRICIA RUSER, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | **and** |
| | ) | **JURY DEMAND** |
| LIGGETT VECTOR BRANDS L.L.C, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the Plaintiff Patricia Ruser, for her cause of action against Defendant Liggett Vector Brands, L.L.C.

### INTRODUCTION

1.     This is an action under the Age Discrimination in Employment Act, the Nebraska Age Discrimination in Employment Act, the Americans with Disability Act as Amended, the Nebraska Fair Employment Practices Act, and under the public policy of the State of Nebraska for the age discrimination, disability discrimination, and retaliation Plaintiff experienced.

2.     This is also an action under the Family Medical Leave Act for Defendant's discrimination and retaliation against Plaintiff for taking protected leave under the FMLA.

### PROCEDURAL MATTERS

3.     Plaintiff Patricia Ruser (hereinafter "Patricia") is a resident of Douglas County, Omaha, Nebraska.

1

4.     Defendant Liggett Vector Brands L.L.C. (hereinafter "LVB") is a Delaware limited liability company, doing business in Douglas County Nebraska.

5.     The acts about which Plaintiff complains occurred in Douglas County, Nebraska.

6.     This court has personal jurisdiction over Liggett Vector Brands, L.L.C.

7.     This court has subject matter jurisdiction over the state law claims, and concurrent jurisdiction over the federal law claims.

8.     Venue is appropriate in this court.

**ADMINISTRATIVE MATTERS**

9.     On or about April 5, 2017, within three-hundred ("300") day of the acts which she complains, Patricia filed her Charge of Discrimination with the Equal Employment Opportunity Commission (Charge No. 846-2017-14554).

10.     On or about December 18, 2017, more than 180 days after the filing of her charge and within 90 days of filing her original Complaint, Patricia received her Notice of Right to Sue from the Equal Employment Opportunity Commission.

**FACTUAL BACKGROUND**

11.     On or about January 21, 2002, Patricia began her employment with Vector Tobacco Company as a Sales Representative. Patricia's responsibilities included managing retail and wholesale accounts within the state of Nebraska. Vector Tobacco Company and Liggett Tobacco merged sales forces and formed the Defendant Ligget Vector Brands or LVBrands.

2

12.     In May 2004, Patricia was promoted to Division Manager. Her responsibilities increased to include the states of Nebraska, Iowa, South Dakota, and the sales personnel associated with that geography.

13.     In October 2004, Patricia's position was changed to Retail Account Manager and she was assigned the geographic territories of Nebraska and part of South Dakota.

14.     On or about October 6, 2008, Patricia had surgery on her knee. Patricia took short term disability leave for her knee surgery. She was out of work for approximately 12 weeks. She returned to work with a 20-pound lifting restriction. Patricia's restriction lasted three months.

15.     In 2009, Patricia had surgery on her other knee.  On November 23, 2009, Patricia was released to return to work with a restriction of "no ladder work." Patricia's no ladder work restriction was removed on January 1, 2010. LVB allowed Patricia to return to work on light duty and were able to accommodate her restriction.

16.     On or about October 14, 2016, Patricia sustained an injury to her right shoulder while unloading a pallet of advertising material that were improperly packed. Patricia immediately advised Cathy Pralle (hereinafter "Pralle"), her District Manager, of her injury. Patricia told Pralle that the fulfillment facility that ships LVB's freight to LVB's storage units had misloaded Patricia's pallet and placed the heaviest box on the top of the five-foot high pallet. Patricia told Pralle that when she attempted to move the box, Patricia pulled something in her right shoulder.

17.     On or about October 17, 2016, Patricia filled out Worker's Compensation paperwork for her injury with LVB.

3

18.     For the next two weeks, Patricia continued to work, although her shoulder continued to bother her. She was mindful of her shoulder injury when she lifted, but it did not stop her from performing any of her job responsibilities.

19.     On or about October 21, 2016, Patricia saw her primary care physician. Her physician performed an x-ray which was inconclusive. Her doctor explained he could do a cortisone shot and prescribe physical therapy, or he could do an MRI to get a clearer picture of her shoulder.  Patricia and her doctor opted to do an MRI.

20.     On October 31, 2016, Patricia informed Pralle that her shoulder continued to bother her. Pralle told Patricia to call LVB human resources and speak to Donna Morgan (hereinafter "Morgan"), the Human Resources Representative for LVB.

21.     On or about November 1, 2016, Morgan told Patricia she would have to take leave under the Family Medical Leave Act (hereinafter "FMLA") and she could not return to work on a light duty assignment. Morgan told Patricia she had to be 100% healed in order to return to work.  Patricia requested an accommodation of light duty work at this time because given the nature of Patricia's sales position she could perform the essential functions of the position despite her shoulder condition.  Her request was denied.

22.     On or about November 1, 2016, Patricia took protected leave under the Family Medical Leave Act. She requested leave until April, 2017.  While Patricia was on medical leave, she continued to receive phone calls from her customers with business inquires.

23.     On or about November 5, 2016, Patricia had an MRI of her right shoulder. It was determined that Patricia had a tear in her right shoulder rotator cuff and a

4

ruptured bicep. Patricia's doctor recommended undergoing surgery to repair her shoulder.

24.     Patricia's bicep rupture and rotator cuff tear are musculoskeletal disorders that limited her ability perform manual tasks and lift.

25.     On November 15, 2016, Pralle told Patricia she had to return her company vehicle, company computer, and company issued credit card to Pralle. Patricia returned the items to Pralle. Patricia asked Pralle if they could discuss Patricia's pending projects. Pralle declined to discuss Patricia's projects with her.

26.     On November 16, 2016, Patricia scheduled her surgery for December 12, 2016.

27.     On November 22, 2016, Patricia found a job posting for the Omaha, Nebraska market on LVB's website. Patricia believed the job posting was for her position. Patricia called Jeff Vilwock (hereinafter "Vilwock"), the Region Director for LVB, and Morgan to inquire about why they had posted her position because she had every intention of returning to work.

28.     Vilwock and Morgan told Patricia that LVB needed to cover her position and that LVB planned to expand another sales territory in Patricia's market to have two positions when Patricia returned to work. LVB had taken a similar approach when another sales representative required extended medical leave who was under the age of 40.

29.     Following her conversation with Vilwock and Morgan, Patricia began considering the non-surgical option she was presented to treat her condition. On or about November 28, 2016, Patricia spoke to Pralle about her treatment options. Patricia

told Pralle if she underwent the surgery she would likely be out of work as indicated in her FMLA certification. She also explained that before the MRI her doctor had presented a non-surgical route. Patricia explained if she took the non-surgical route she may be able to return to work before her FMLA leave exhausted, but she might require the surgery at a later point. Pralle assured Patricia her position would not be eliminated if she had the surgery required to repair her rotator cuff tear.

30.     During Patricia and Pralle's conversation, Pralle told Patricia that because Patricia would be retiring soon, it would be in LVB's best interest to take the opportunity to hire, train, and have someone fully prepared prior to Patricia's retirement. Patricia assured Pralle that she had every intention of returning to her position after her medical leave, and she did not intend on retiring soon. Pralle told Patricia she would have her job back after her surgery and medical leave because LVB was creating another territory in the Nebraska market.  Pralle told Patricia it was unclear if Patricia would take over the new territory when she returned to work, or if Patricia would return to her previous assigned territory.

31.     On December 12, 2016, Patricia underwent surgery for her torn rotator cuff.

32.     Patricia did not receiver her year-end evaluation.

33.     On January 12, 2017, Patricia's surgeon sent a letter to LVB regarding Patricia's condition. The letter stated Patricia would be restricted from work and that she would be reevaluated in four weeks.

34.     On January 27, 2017, Patricia called Morgan. Patricia explained that she was working on regaining her shoulder strength by attending physical therapy. She told

6

Morgan she had a follow-up appointment on February 6, 2017, and she thought she would be able to return to work by April 2017.

35.     On or about February 7, 2017, Patricia received a call from Morgan. Morgan told Patricia that she had exhausted her protected leave under FMLA and that she was terminated.

36.     Upon information and belief, individuals that are substantially younger than Patricia replaced Patricia or assumed her job duties.

37.     Upon information and belief, individuals that are substantially younger than Patricia have been allowed to take extended medical leave that exceeds the twelve weeks of FMLA and remain employed and/or return on light duty if they are not 100% healed.

38.     Patricia would have made bonus for the year 2016 because of her excellent performance.

## COUNT I

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

## (DISCRIMINATION)

39.     Plaintiff hereby repleads paragraph 1 to 38 as if fully set forth herein.

40.     Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment and terminated her employment.

41.     Plaintiff's age was a motivating factor in Defendant's actions.

42.     Plaintiff was qualified for her position at the time of her termination.

43.     Other similarly situated person that were substantially younger than Plaintiff were not terminated for similar conduct.

44.    Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the Age Discrimination in Employment Act, and by doing so are subject to liquidated and/or punitive damages.

45.    As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages; benefit; and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for interest as allowed by law, for attorney's fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Age Discrimination in Employment Act.

## COUNT II
## VIOLATION OF THE NEBRASKA AGE DISCRIMINATION IN EMPLOYMENT ACT
### (DISCRIMINATION)

46.    Plaintiff hereby repleads paragraph 1 to 45 as if fully set forth herein.

47.    Defendant discriminated against Plaintiff with respect to the terms and condition of her employment and terminated her.

48.    But for Plaintiff's age, Defendant would not have terminated Plaintiff.

49.    Plaintiff was qualified for her position at the time of her termination.

50.     Other similarly situated persons who were substantially younger than Plaintiff were not terminated for similar conduct.

51.     Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the Nebraska Age Discrimination in Employment Act and by doing so are subject to liquidated and/or punitive damages.

52.     As a result of Defendants' acts and omissions, Plaintiff has in the past, and will in the future, suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for costs and expenses of this action ,and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Age discrimination in Employment Act.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT
## (RETALIATION AND DISCRIMINATION)

53.     Plaintiff hereby repleads paragraph 1 to 52 as if fully set forth herein.

54.     Defendant is and was at all times material an "employer" within the meaning of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 (hereinafter "ADAAA").

55.     Plaintiff's health condition substantially interfered with the operation of her musculoskeletal system.

56.     Plaintiff's health condition substantially limited her ability to lift, and care for herself.

57.     Plaintiff is and was disabled within the meaning of the ADAAA.

58.     Plaintiff is and was able to perform the essential function of her job with or without reasonable accommodation.

59.     Defendant failed to accommodate Plaintiff's disability in violation of the ADAAA.

60.     Defendant failed to engage in good faith in an interactive process with Plaintiff to assist her in accommodating her disability in violation of the ADAAA and retaliated against her for exercising her rights to request a reasonable accommodation.

61.     Defendant discriminated against Plaintiff.

62.     Plaintiff's disability was a motivating factor in such discrimination.

63.     Plaintiff's protected activity was a motivating factor in Defendant's retaliation and termination.

64.     Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the ADAAA, and by doing so are subject to punitive damages.

65.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for punitive damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for other such relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## COUNT IV
## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
## (RETALIATION AND DISABILITY DISCRIMINATION)

66.     Plaintiff hereby repleads paragraph 1 to 65 as if fully set forth herein.

67.     Plaintiff was disabled within the meaning of the Nebraska Fair Employment Practices Act.

68.     Defendant is and was at all times an "employer" within the meaning of the Nebraska Fair Employment Practices Act.

69.     Plaintiff was able to perform the essential function of her job with or without a reasonable accommodation.

70.     Defendant failed to accommodate Plaintiff's disability in violation fo the Nebraska Fair Employment Practices Act ("NFEPA").

71.     Defendant failed to engage in good faith in an interactive process with Plaintiff to assist her in accommodating her disability in violation of the NFEPA and retaliated against her for exercising her rights to request a reasonable accommodation.

72.     Defendant discriminated against Plaintiff.

73.     Plaintiff's disability was a motivating factor in Defendant's discrimination against her.

74.     Plaintiff's protected activity was a motivating factor in Defendant's retaliation against her.

75.     Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the NFEPA and by doing so are subject to punitive damages.

76.     As a result of Defendant's representatives' act and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for punitive damages, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

## COUNT V
## WORKERS' COMPENSATION RETALIATION

77.     Plaintiff hereby repleads paragraph 1 to 76 as if fully set forth herein.

78.     Defendant retaliated against Plaintiff after she participated in one or more protected activities arising under the Nebraska Workers' Compensation Laws. Said action violates the common law of the State of Nebraska.

12

79.     As a result of the Defendant's illegal actions, the Plaintiff has sustained compensatory damages, lost wages, and the value of benefits, and will continue to incur lost wages in the future.

80.     Due to the willful and/or reckless nature of Defendants' illegal actions, double damages payable to the common school fund are appropriate.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for double damages payable to the Nebraska common school fund, interest as allowed by law, for the costs and expenses of this actions, and for such other relief as may be just in the circumstances and consistent with the purposes of the common law and public policy of the state of Nebraska.

### COUNT VI
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (DISCRIMINATION AND RETALIATION)

81.     Plaintiff hereby repleads paragraph 1 to 80 as if fully set forth herein.

82.     Defendant is and was at all times material an "employer" within the meaning of the Family Medical Leave Act.

83.     Plaintiff is and was at all times material an "eligible employee" within the meaning of the Family Medical Leave Act.

84.     Beginning in October 2016, Plaintiff suffered from one or more "serious health conditions" within the meaning of the Family Medical Leave Act.

85.     Plaintiff was entitled to medical leave pursuant to her rights under the Family Medical Leave Act.

86.     Plaintiff invoked her right to leave under the Family Medical Leave Act.

13

87.     Defendant discriminated against Plaintiff by forcing her to take Family Medical Leave Act and for requesting protected leave under the Family Medical Leave Act and terminated her for absences that should have been protected by the Family Medical Leave Act.

88.     Defendant discriminated against and retaliated against plaintiff and terminated her for exercising her rights under the Family Medical Leave Act.

89.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for liquidated damages, for prejudgment and post-judgment interest, for attorneys' fees, for the costs and expenses of this action, for equitable relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family Medical Leave Act.

## JURY DEMAND

COMES NOW the Plaintiff, through her attorneys, and hereby requests a trial by jury, in Douglas County, Nebraska.

Date this 14th day of March, 2018.

Patricia Ruser, Plaintiff


BY: _____

Kelly K. Brandon, #20734
Stephanie J. Costello, #26309
Fiedler & Timmer, P.L.L.C.
20615 Highway 370
Gretna, NE 68028
(402) 316-3060
(402) 513-6501 (facsimile)
kelly@employmentlawnebraska.com
stephanie@employmentlawnebraska.com
Attorneys for Plaintiff

Image ID: D00553593D0

## NOTICE OF INTENT TO DISMISS

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA

Patricia Ruser v. Liggett Vector Brands, LLC

Case ID: CI 18 2131

Pursuant to Rule 4-10, this notice is sent to inform each party that, within
thirty (30) days from the date of this notice, you must submit a Proposed
Scheduling Order(PSO) indicating: a) Date of Scheduling Conference b) Trial
Scheduled/Trial Held date, or, c) Request that a Pretrial conference be held
and necessary discovery deadlines set, or the above-captioned case will be
dismissed for lack of prosecution.

### Procedural Process to Avoid Dismissal

Pursuant to Rule 4-10(A), one original Proposed Scheduling Order shall be
presented to the District Court Administrator for review to ensure that all
information required by these rules has been provided.  The District Court
Administrator-approved Proposed Scheduling Order will be forwarded for review
by the judge to whom the case is assigned.  The parties may also request a
scheduling conference, which must be held prior to the case dismissal date.
Either of the above-mentioned events shall remove the case from the case
progression dismissal list.  The Court will not consider motions or stipulations
to extend or excuse the filing of a Joint Proposed Scheduling Order.

### Case Progression Dismissals

Pursuant to Rule 4-10(C), when a case has been dismissed for lack of prosecution,
the judge to whom the case is assigned has the discretion to reinstate the case.
However, a case can be reinstated only upon (1) the showing of good cause for
reinstatement, (2) the contemporaneous submission of a PSO; and (3) the filing
of a Signed Scheduling Order.  [If a PSO does not accompany the request for
reinstatement of the dismissed case, the case will automatically be dismissed
as soon as it has been reinstated.]

If you have any questions or concerns about this notice, please contact
District Court Administrator Doug Johnson either by email (djohnson@dc4dc.com)
or by telephone (402-444-7004).  The Proposed Scheduling Order can be found
on the District Court website www.dc4dc.com.

Date:  July 13, 2018

_____
District Court Administrator


Liggett Vector Brands, LLC
no address
Omaha, NE

Image ID: D00553594D0

# NOTICE OF INTENT TO DISMISS

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA

Patricia Ruser v. Liggett Vector Brands, LLC

Case ID: CI 18 2131

Pursuant to Rule 4-10, this notice is sent to inform each party that, within thirty (30) days from the date of this notice, you must submit a Proposed Scheduling Order(PSO) indicating: a) Date of Scheduling Conference b) Trial Scheduled/Trial Held date, or, c) Request that a Pretrial conference be held and necessary discovery deadlines set, or the above-captioned case will be dismissed for lack of prosecution.

## Procedural Process to Avoid Dismissal

Pursuant to Rule 4-10(A), one original Proposed Scheduling Order shall be presented to the District Court Administrator for review to ensure that all information required by these rules has been provided.  The District Court Administrator-approved Proposed Scheduling Order will be forwarded for review by the judge to whom the case is assigned.  The parties may also request a scheduling conference, which must be held prior to the case dismissal date. Either of the above-mentioned events shall remove the case from the case progression dismissal list.  The Court will not consider motions or stipulations to extend or excuse the filing of a Joint Proposed Scheduling Order.

## Case Progression Dismissals

Pursuant to Rule 4-10(C), when a case has been dismissed for lack of prosecution, the judge to whom the case is assigned has the discretion to reinstate the case. However, a case can be reinstated only upon (1) the showing of good cause for reinstatement, (2) the contemporaneous submission of a PSO; and (3) the filing of a Signed Scheduling Order.  [If a PSO does not accompany the request for reinstatement of the dismissed case, the case will automatically be dismissed as soon as it has been reinstated.]

If you have any questions or concerns about this notice, please contact District Court Administrator Doug Johnson either by email (djohnson@dc4dc.com) or by telephone (402-444-7004).  The Proposed Scheduling Order can be found on the District Court website www.dc4dc.com.

Date:  July 13, 2018

_____
District Court Administrator

Kelly K Brandon
kelly@employmentlawnebraska.com

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0007154778
Filing Date: 07/16/2018 02:57:12 PM CDT

**IN THE DOUGLAS COUNTY DISTRICT COURT OF NEBRASKA**

| | | |
|---|---|---|
| PATRICIA RUSER, | ) | Case No. CI 18 2131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED COMPLAINT** |
| vs. | ) | **and** |
| | ) | **JURY DEMAND** |
| LIGGETT VECTOR BRANDS L.L.C, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the Plaintiff Patricia Ruser, for her cause of action against Defendant Liggett Vector Brands, L.L.C.

### INTRODUCTION

1.     This is an action under the Nebraska Age Discrimination in Employment Act, the Nebraska Fair Employment Practices Act, and under the public policy of the State of Nebraska for the retaliation Plaintiff experienced.

2.     This is also an action under the Family Medical Leave Act for Defendant's discrimination and retaliation against Plaintiff for taking protected leave under the FMLA.

### PROCEDURAL MATTERS

3.     Plaintiff Patricia Ruser (hereinafter "Patricia") is a resident of Douglas County, Omaha, Nebraska.

4.     Defendant Liggett Vector Brands L.L.C. (hereinafter "LVB") is a Delaware limited liability company, doing business in Douglas County Nebraska.

1

5.      The acts about which Plaintiff complains occurred in Douglas County,

Nebraska.

6.      This court has personal jurisdiction over Liggett Vector Brands, L.L.C.

7.      This court has subject matter jurisdiction over the state law claims, and

concurrent jurisdiction over the federal law claims.

8.      Venue is appropriate in this court.

### ADMINISTRATIVE MATTERS

9.      On or about April 5, 2017, within three-hundred ("300") day of the acts

which she complains, Patricia filed her Charge of Discrimination with the Equal

Employment Opportunity Commission (Charge No. 846-2017-14554), which was

concurrently filed with the Nebraska Equal Opportunity Commission pursuant to the

agencies' work-sharing agreement.

10.     On or about December 18, 2017, more than 180 days after the filing of her

charge and within 90 days of filing her original Complaint, Patricia received her Notice of

Right to Sue from the Equal Employment Opportunity Commission.

### FACTUAL BACKGROUND

11.     On or about January 21, 2002, Patricia began her employment with Vector

Tobacco Company as a Sales Representative. Patricia's responsibilities included

managing retail and wholesale accounts within the state of Nebraska. Vector Tobacco

Company and Liggett Tobacco merged sales forces and formed the Defendant Liggett

Vector Brands, L.L.C.

2

12.    In May 2004, Patricia was promoted to Division Manager. Her responsibilities increased to include the states of Nebraska, Iowa, South Dakota, and the sales personnel associated with that geography.

13.    In October 2004, Patricia's position was changed to Retail Account Manager and she was assigned the geographic territories of Nebraska and part of South Dakota.

14.    On or about October 6, 2008, Patricia had surgery on her knee. Patricia took short term disability leave for her knee surgery. She was out of work for approximately 12 weeks. She returned to work with a 20-pound lifting restriction. Patricia's restriction lasted three months.

15.    In 2009, Patricia had surgery on her other knee. On November 23, 2009, Patricia was released to return to work with a restriction of "no ladder work." Patricia's no ladder work restriction was removed on January 1, 2010. LVB allowed Patricia to return to work on light duty and were able to accommodate her restriction.

16.    On or about October 14, 2016, Patricia sustained an injury to her right shoulder while unloading a pallet of advertising material that were improperly packed. Patricia immediately advised Cathy Pralle (hereinafter "Pralle"), her District Manager, of her injury. Patricia told Pralle that the fulfillment facility that ships LVB's freight to LVB's storage units had misloaded Patricia's pallet and placed the heaviest box on the top of the five-foot high pallet. Patricia told Pralle that when she attempted to move the box, Patricia pulled something in her right shoulder.

17.    On or about October 17, 2016, Patricia filled out Worker's Compensation paperwork for her injury with LVB.

3

18.     For the next two weeks, Patricia continued to work, although her shoulder continued to bother her. She was mindful of her shoulder injury when she lifted, but it did not stop her from performing any of her job responsibilities.

19.     On or about October 21, 2016, Patricia saw her primary care physician. Her physician performed an x-ray which was inconclusive. Her doctor explained he could do a cortisone shot and prescribe physical therapy, or he could do an MRI to get a clearer picture of her shoulder.  Patricia and her doctor opted to do an MRI.

20.     On October 31, 2016, Patricia informed Pralle that her shoulder continued to bother her. Pralle told Patricia to call LVB human resources and speak to Donna Morgan (hereinafter "Morgan"), the Human Resources Representative for LVB.

21.     On or about November 1, 2016, Morgan told Patricia she would have to take leave under the Family Medical Leave Act (hereinafter "FMLA") and she could not return to work on a light duty assignment. Morgan told Patricia she had to be 100% healed in order to return to work.  Patricia requested an accommodation of light duty work at this time because given the nature of Patricia's sales position she could perform the essential functions of the position despite her shoulder condition.  Her request was denied.

22.     On or about November 1, 2016, Patricia took protected leave under the Family Medical Leave Act. She requested leave until April, 2017.  While Patricia was on medical leave, she continued to receive phone calls from her customers with business inquires.

23.     On or about November 5, 2016, Patricia had an MRI of her right shoulder. It was determined that Patricia had a tear in her right shoulder rotator cuff and a

4

ruptured bicep. Patricia's doctor recommended undergoing surgery to repair her shoulder.

24.     Patricia's bicep rupture and rotator cuff tear are musculoskeletal disorders that limited her ability perform manual tasks and lift.

25.     On November 15, 2016, Pralle told Patricia she had to return her company vehicle, company computer, and company issued credit card to Pralle. Patricia returned the items to Pralle. Patricia asked Pralle if they could discuss Patricia's pending projects. Pralle declined to discuss Patricia's projects with her.

26.     On November 16, 2016, Patricia scheduled her surgery for December 12, 2016.

27.     On November 22, 2016, Patricia found a job posting for the Omaha, Nebraska market on LVB's website. Patricia believed the job posting was for her position. Patricia called Jeff Vilwock (hereinafter "Vilwock"), the Region Director for LVB, and Morgan to inquire about why they had posted her position because she had every intention of returning to work.

28.     Vilwock and Morgan told Patricia that LVB needed to cover her position and that LVB planned to expand another sales territory in Patricia's market to have two positions when Patricia returned to work. LVB had taken a similar approach when another sales representative required extended medical leave who was under the age of 40.

29.     Following her conversation with Vilwock and Morgan, Patricia began considering the non-surgical option she was presented to treat her condition. On or about November 28, 2016, Patricia spoke to Pralle about her treatment options. Patricia

told Pralle if she underwent the surgery she would likely be out of work as indicated in her FMLA certification. She also explained that before the MRI her doctor had presented a non-surgical route. Patricia explained if she took the non-surgical route she may be able to return to work before her FMLA leave exhausted, but she might require the surgery at a later point. Pralle assured Patricia her position would not be eliminated if she had the surgery required to repair her rotator cuff tear.

30.     During Patricia and Pralle's conversation, Pralle told Patricia that because Patricia would be retiring soon, it would be in LVB's best interest to take the opportunity to hire, train, and have someone fully prepared prior to Patricia's retirement. Patricia assured Pralle that she had every intention of returning to her position after her medical leave, and she did not intend on retiring soon. Pralle told Patricia she would have her job back after her surgery and medical leave because LVB was creating another territory in the Nebraska market.  Pralle told Patricia it was unclear if Patricia would take over the new territory when she returned to work, or if Patricia would return to her previous assigned territory.

31.     On December 12, 2016, Patricia underwent surgery for her torn rotator cuff.

32.     Patricia did not receiver her year-end evaluation.

33.     On January 12, 2017, Patricia's surgeon sent a letter to LVB regarding Patricia's condition. The letter stated Patricia would be restricted from work and that she would be reevaluated in four weeks.

34.     On January 27, 2017, Patricia called Morgan. Patricia explained that she was working on regaining her shoulder strength by attending physical therapy. She told

6

Morgan she had a follow-up appointment on February 6, 2017, and she thought she would be able to return to work by April 2017.

35.    On or about February 7, 2017, Patricia received a call from Morgan. Morgan told Patricia that she had exhausted her protected leave under FMLA and that she was terminated.

36.    Upon information and belief, individuals that are substantially younger than Patricia replaced Patricia or assumed her job duties.

37.    Upon information and belief, individuals that are substantially younger than Patricia have been allowed to take extended medical leave that exceeds the twelve weeks of FMLA and remain employed and/or return on light duty if they are not 100% healed.

38.    Patricia would have made bonus for the year 2016 because of her excellent performance.

## COUNT I
## VIOLATION OF THE NEBRASKA AGE DISCRIMINATION IN EMPLOYMENT ACT
## (DISCRIMINATION)

39.    Plaintiff hereby repleads paragraph 1 to 38 as if fully set forth herein.

40.    Defendant discriminated against Plaintiff with respect to the terms and condition of her employment and terminated her.

41.    But for Plaintiff's age, Defendant would not have terminated Plaintiff.

42.    Plaintiff was qualified for her position at the time of her termination.

43.    Other similarly situated persons who were substantially younger than Plaintiff were not terminated for similar conduct.

7

44.    Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the Nebraska Age Discrimination in Employment Act and by doing so are subject to liquidated and/or punitive damages.

45.    As a result of Defendants' acts and omissions, Plaintiff has in the past, and will in the future, suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for costs and expenses of this action ,and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Age discrimination in Employment Act.

## COUNT II
## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
## (RETALIATION AND DISABILITY DISCRIMINATION)

46.    Plaintiff hereby repleads paragraph 1 to 45 as if fully set forth herein.

47.    Plaintiff was disabled within the meaning of the Nebraska Fair Employment Practices Act.

48.    Defendant is and was at all times an "employer" within the meaning of the Nebraska Fair Employment Practices Act.

8

49.     Plaintiff was able to perform the essential function of her job with or without a reasonable accommodation.

50.     Defendant failed to accommodate Plaintiff's disability in violation fo the Nebraska Fair Employment Practices Act ("NFEPA").

51.     Defendant failed to engage in good faith in an interactive process with Plaintiff to assist her in accommodating her disability in violation of the NFEPA and retaliated against her for exercising her rights to request a reasonable accommodation.

52.     Defendant discriminated against Plaintiff.

53.     Plaintiff's disability was a motivating factor in Defendant's discrimination against her.

54.     Plaintiff's protected activity was a motivating factor in Defendant's retaliation against her.

55.     Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the NFEPA and by doing so are subject to punitive damages.

56.     As a result of Defendant's representatives' act and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for punitive damages, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, and for such other relief as

9

may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

## COUNT III
## WORKERS' COMPENSATION RETALIATION

57.     Plaintiff hereby repleads paragraph 1 to 56 as if fully set forth herein.

58.     Defendant retaliated against Plaintiff after she participated in one or more protected activities arising under the Nebraska Workers' Compensation Laws. Said action violates the common law of the State of Nebraska.

59.     As a result of the Defendant's illegal actions, the Plaintiff has sustained compensatory damages, lost wages, and the value of benefits, and will continue to incur lost wages in the future.

60.     Due to the willful and/or reckless nature of Defendants' illegal actions, double damages payable to the common school fund are appropriate.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for double damages payable to the Nebraska common school fund, interest as allowed by law, for the costs and expenses of this actions, and for such other relief as may be just in the circumstances and consistent with the purposes of the common law and public policy of the state of Nebraska.

## JURY DEMAND

COMES NOW the Plaintiff, through her attorneys, and hereby requests a trial by jury, in Douglas County, Nebraska.

10

Date this 16th day of July, 2018.

Patricia Ruser, Plaintiff

BY: _____

Kelly K. Brandon, #20734
Stephanie J. Costello, #26309
Fiedler & Timmer, P.L.L.C.
20615 Highway 370
Gretna, NE 68028
(402) 316-3060
(402) 513-6501 (facsimile)
kelly@employmentlawnebraska.com
stephanie@employmentlawnebraska.com

Attorneys for Plaintiff

11

## Certificate of Service

I hereby certify that on Monday, July 16, 2018 I provided a true and correct copy of the Amended Complaint to the following:

Liggett Vector Brands, LLC service method: No Service

Ruser,Patricia, represented by Stephanie Jeanne Costello (Bar Number: 26309) service method: Electronic Service to stephanie@employmentlawnebraska.com

Signature: /s/ Kelly K. Brandon (Bar Number: 20734)

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0007154840
Filing Date: 07/16/2018 03:00:34 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY NEBRASKA

| | | |
|---|---|---|
| PATRICIA RUSER, | ) | Case No.: CI 18 - 2131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| LIGGETT VECTOR BRANDS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO THE CLERK OF SAID COURT:**

Please issue summons for service by Plaintiff by Certified Mail with a copy of the Amended Complaint and Jury Demand upon:

Liggett Vector Brands LLC
c/o C T Corporation System
5601 South 59th Street
Lincoln, NE 68516

Dated this 16th day of July, 2018.

PATRICIA RUSER,
Plaintiff

By:   /s/ Kelly K. Brandon
Kelly K. Brandon, # 20734
Stephanie Costello, #26309
**FIEDLER & TIMMER, P.L.L.C.**
20615 Highway 370
Gretna, NE  68028
Telephone: (402) 316-3060
Fax: (402) 513-6501
kelly@employmentlawnebraska.com
stephanie@employmentlawnebraska.com

ATTORNEYS FOR PLAINTIFF

| Image ID:<br>D00554160D01 | SUMMONS | Doc. No.   554160 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
        1701 Farnam
        Omaha              NE 68183


Patricia Ruser v. Liggett Vector Brands, LLC

                                      Case ID: CI 18    2131


TO:  Liggett Vector Brands, LLC

                                              **FILED BY**
                                      Clerk of the Douglas District Court
                                              07/16/2018


You have been sued by the following plaintiff(s):

    Patricia Ruser




Plaintiff's Attorney:     Kelly K Brandon
Address:                  20615 Highway 370
                          Gretna, NE 68028

Telephone:                (402) 316-3060

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JULY 16, 2018       BY THE COURT:   John M. Friend
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Liggett Vector Brands, LLC
        c/o C T Corporation System
        5601 South 59th St
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0007165678
Filing Date: 07/18/2018 09:33:06 AM CDT

## IN THE DOUGLAS COUNTY DISTRICT COURT OF NEBRASKA

| | | |
|---|---|---|
| PATRICIA RUSER, | ) | Case No. CI 18-2131 |
| | ) | |
| Plaintiff, | ) | **SECOND AMENDED** |
| | ) | **COMPLAINT** |
| vs. | ) | **and** |
| | ) | **JURY DEMAND** |
| LIGGETT VECTOR BRANDS L.L.C, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the Plaintiff Patricia Ruser, for her cause of action against Defendant Liggett Vector Brands, L.L.C.

### INTRODUCTION

1.       This is an action under the Age Discrimination in Employment Act, the Nebraska Age Discrimination in Employment Act, the Americans with Disability Act as Amended, and under the public policy of the State of Nebraska for the age discrimination, disability discrimination, and retaliation Plaintiff experienced.

2.       This is also an action under the Family Medical Leave Act for Defendant's discrimination and retaliation against Plaintiff for taking protected leave under the FMLA.

### PROCEDURAL MATTERS

3.       Plaintiff Patricia Ruser (hereinafter "Patricia") is a resident of Douglas County, Omaha, Nebraska.

1

4.     Defendant Liggett Vector Brands L.L.C. (hereinafter "LVB") is a Delaware limited liability company, doing business in Douglas County Nebraska.

5.     The acts about which Plaintiff complains occurred in Douglas County, Nebraska.

6.     This court has personal jurisdiction over Liggett Vector Brands, L.L.C.

7.     This court has subject matter jurisdiction over the state law claims, and concurrent jurisdiction over the federal law claims.

8.     Venue is appropriate in this court.

## ADMINISTRATIVE MATTERS

9.     On or about April 5, 2017, within three-hundred ("300") day of the acts which she complains, Patricia filed her Charge of Discrimination with the Equal Employment Opportunity Commission (Charge No. 846-2017-14554).

10.    On or about December 18, 2017, more than 180 days after the filing of her charge and within 90 days of filing her original Complaint, Patricia received her Notice of Right to Sue from the Equal Employment Opportunity Commission.

## FACTUAL BACKGROUND

11.    On or about January 21, 2002, Patricia began her employment with Vector Tobacco Company as a Sales Representative. Patricia's responsibilities included managing retail and wholesale accounts within the state of Nebraska. Vector Tobacco Company and Liggett Tobacco merged sales forces and formed the Defendant Liggett Vector Brands or LV Brands.

2

12.     In May 2004, Patricia was promoted to Division Manager. Her responsibilities increased to include the states of Nebraska, Iowa, South Dakota, and the sales personnel associated with that geography.

13.     In October 2004, Patricia's position was changed to Retail Account Manager and she was assigned the geographic territories of Nebraska and part of South Dakota.

14.     On or about October 6, 2008, Patricia had surgery on her knee. Patricia took short term disability leave for her knee surgery. She was out of work for approximately 12 weeks. She returned to work with a 20-pound lifting restriction. Patricia's restriction lasted three months.

15.     In 2009, Patricia had surgery on her other knee.  On November 23, 2009, Patricia was released to return to work with a restriction of "no ladder work." Patricia's no ladder work restriction was removed on January 1, 2010. LVB allowed Patricia to return to work on light duty and were able to accommodate her restriction.

16.     On or about October 14, 2016, Patricia sustained an injury to her right shoulder while unloading a pallet of advertising material that was improperly packed. Patricia immediately advised Cathy Pralle (hereinafter "Pralle"), her District Manager, of her injury. Patricia told Pralle that the fulfillment facility that ships LVB's freight to LVB's storage units had misloaded Patricia's pallet and placed the heaviest box on the top of the five-foot high pallet. Patricia told Pralle that when she attempted to move the box, Patricia pulled something in her right shoulder.

17.     On or about October 17, 2016, Patricia filled out Worker's Compensation paperwork for her injury with LVB.

3

18.     For the next two weeks, Patricia continued to work, although her shoulder continued to bother her. She was mindful of her shoulder injury when she lifted, but it did not stop her from performing any of her job responsibilities.

19.     On or about October 21, 2016, Patricia saw her primary care physician. Her physician performed an x-ray which was inconclusive. Her doctor explained he could do a cortisone shot and prescribe physical therapy, or he could do an MRI to get a clearer picture of her shoulder.  Patricia and her doctor opted to do an MRI.

20.     On October 31, 2016, Patricia informed Pralle that her shoulder continued to bother her. Pralle told Patricia to call LVB human resources and speak to Donna Morgan (hereinafter "Morgan"), the Human Resources Representative for LVB.

21.     On or about November 1, 2016, Morgan told Patricia she would have to take leave under the Family Medical Leave Act (hereinafter "FMLA") and she could not return to work on a light duty assignment. Morgan told Patricia she had to be 100% healed in order to return to work.  Patricia requested an accommodation of light duty work at this time because given the nature of Patricia's sales position she could perform the essential functions of the position despite her shoulder condition.  Her request was denied.

22.     On or about November 1, 2016, Patricia took protected leave under the Family Medical Leave Act. She requested leave until April, 2017.  While Patricia was on medical leave, she continued to receive phone calls from her customers with business inquires.

23.     On or about November 5, 2016, Patricia had an MRI of her right shoulder. It was determined that Patricia had a tear in her right shoulder rotator cuff and a

4

ruptured bicep. Patricia's doctor recommended undergoing surgery to repair her shoulder.

24.     Patricia's bicep rupture and rotator cuff tear are musculoskeletal disorders that limited her ability perform manual tasks and lift.

25.     On November 15, 2016, Pralle told Patricia she had to return her company vehicle, company computer, and company issued credit card to Pralle. Patricia returned the items to Pralle. Patricia asked Pralle if they could discuss Patricia's pending projects. Pralle declined to discuss Patricia's projects with her.

26.     On November 16, 2016, Patricia scheduled her surgery for December 12, 2016.

27.     On November 22, 2016, Patricia found a job posting for the Omaha, Nebraska market on LVB's website. Patricia believed the job posting was for her position. Patricia called Jeff Vilwock (hereinafter "Vilwock"), the Region Director for LVB, and Morgan to inquire about why they had posted her position because she had every intention of returning to work.

28.     Vilwock and Morgan told Patricia that LVB needed to cover her position and that LVB planned to expand another sales territory in Patricia's market to have two positions when Patricia returned to work. LVB had taken a similar approach when another sales representative required extended medical leave who was under the age of 40.

29.     Following her conversation with Vilwock and Morgan, Patricia began considering the non-surgical option she was presented to treat her condition. On or about November 28, 2016, Patricia spoke to Pralle about her treatment options. Patricia

told Pralle if she underwent the surgery she would likely be out of work as indicated in her FMLA certification. She also explained that before the MRI her doctor had presented a non-surgical route. Patricia explained if she took the non-surgical route she may be able to return to work before her FMLA leave exhausted, but she might require the surgery at a later point. Pralle assured Patricia her position would not be eliminated if she had the surgery required to repair her rotator cuff tear.

30.     During Patricia and Pralle's conversation, Pralle told Patricia that because Patricia would be retiring soon, it would be in LVB's best interest to take the opportunity to hire, train, and have someone fully prepared prior to Patricia's retirement. Patricia assured Pralle that she had every intention of returning to her position after her medical leave, and she did not intend on retiring soon. Pralle told Patricia she would have her job back after her surgery and medical leave because LVB was creating another territory in the Nebraska market.  Pralle told Patricia it was unclear if Patricia would take over the new territory when she returned to work, or if Patricia would return to her previous assigned territory.

31.     On December 12, 2016, Patricia underwent surgery for her torn rotator cuff.

32.     Patricia did not receiver her year-end evaluation.

33.     On January 12, 2017, Patricia's surgeon sent a letter to LVB regarding Patricia's condition. The letter stated Patricia would be restricted from work and that she would be reevaluated in four weeks.

34.     On January 27, 2017, Patricia called Morgan. Patricia explained that she was working on regaining her shoulder strength by attending physical therapy. She told

6

Morgan she had a follow-up appointment on February 6, 2017, and she thought she would be able to return to work by April 2017.

35.     On or about February 7, 2017, Patricia received a call from Morgan. Morgan told Patricia that she had exhausted her protected leave under FMLA and that she was terminated.

36.     Upon information and belief, individuals that are substantially younger than Patricia replaced Patricia or assumed her job duties.

37.     Upon information and belief, individuals that are substantially younger than Patricia have been allowed to take extended medical leave that exceeds the twelve weeks of FMLA and remain employed and/or return on light duty if they are not 100% healed.

38.     Patricia would have made bonus for the year 2016 because of her excellent performance.

## COUNT I

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

## (DISCRIMINATION)

39.     Plaintiff hereby repleads paragraph 1 to 38 as if fully set forth herein.

40.     Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment and terminated her employment.

41.     Plaintiff's age was a motivating factor in Defendant's actions.

42.     Plaintiff was qualified for her position at the time of her termination.

43.     Other similarly situated persons that were substantially younger than Plaintiff were not terminated for similar conduct.

7

44.     Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the Age Discrimination in Employment Act, and by doing so are subject to liquidated and/or punitive damages.

45.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages; benefit; and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for interest as allowed by law, for attorney's fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Age Discrimination in Employment Act.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT
## (RETALIATION AND DISCRIMINATION)

46.     Plaintiff hereby repleads paragraph 1 to 45 as if fully set forth herein.

47.     Defendant is and was at all times material an "employer" within the meaning of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 (hereinafter "ADAAA").

48.     Plaintiff's health condition substantially interfered with the operation of her musculoskeletal system.

8

49.    Plaintiff's health condition substantially limited her ability to lift, and care for herself.

50.    Plaintiff is and was disabled within the meaning of the ADAAA.

51.    Plaintiff is and was able to perform the essential function of her job with or without reasonable accommodation.

52.    Defendant failed to accommodate Plaintiff's disability in violation of the ADAAA.

53.    Defendant failed to engage in good faith in an interactive process with Plaintiff to assist her in accommodating her disability in violation of the ADAAA and retaliated against her for exercising her rights to request a reasonable accommodation.

54.    Defendant discriminated against Plaintiff.

55.    Plaintiff's disability was a motivating factor in such discrimination.

56.    Plaintiff's protected activity was a motivating factor in Defendant's retaliation and termination.

57.    Defendant, by its representatives' actions, willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the ADAAA, and by doing so are subject to punitive damages.

58.    As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to, mental and emotional distress; humiliation; fear; embarrassment; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for

appropriate equitable relief, for punitive damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for other such relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## COUNT III
## WORKERS' COMPENSATION RETALIATION

59.     Plaintiff hereby repleads paragraph 1 to 58 as if fully set forth herein.

60.     Defendant retaliated against Plaintiff after she participated in one or more protected activities arising under the Nebraska Workers' Compensation Laws. Said action violates the common law of the State of Nebraska.

61.     As a result of the Defendant's illegal actions, the Plaintiff has sustained compensatory damages, lost wages, and the value of benefits, and will continue to incur lost wages in the future.

62.     Due to the willful and/or reckless nature of Defendant's illegal actions, double damages payable to the common school fund are appropriate.

WHEREFORE, Plaintiff Patricia Ruser demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for double damages payable to the Nebraska common school fund, interest as allowed by law, for the costs and expenses of this actions, and for such other relief as may be just in the circumstances and consistent with the purposes of the common law and public policy of the state of Nebraska.

## COUNT IV
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## (DISCRIMINATION AND RETALIATION)

10

63.     Plaintiff hereby repleads paragraph 1 to 62 as if fully set forth herein.

64.     Defendant is and was at all times material an "employer" within the meaning of the Family Medical Leave Act.

65.     Plaintiff is and was at all times material an "eligible employee" within the meaning of the Family Medical Leave Act.

66.     Beginning in October 2016, Plaintiff suffered from one or more "serious health conditions" within the meaning of the Family Medical Leave Act.

67.     Plaintiff was entitled to medical leave pursuant to her rights under the Family Medical Leave Act.

68.     Plaintiff invoked her right to leave under the Family Medical Leave Act.

69.     Defendant discriminated against Plaintiff by forcing her to take Family Medical Leave Act and for requesting protected leave under the Family Medical Leave Act and terminated her for absences that should have been protected by the Family Medical Leave Act.

70.     Defendant discriminated against and retaliated against plaintiff and terminated her for exercising her rights under the Family Medical Leave Act.

71.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for liquidated damages, for prejudgment and post-judgment interest, for attorneys' fees, for the costs

and expenses of this action, for equitable relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family Medical Leave Act.

**JURY DEMAND**

COMES NOW the Plaintiff, through her attorneys, and hereby requests a trial by jury, in Douglas County, Nebraska.

Date this 18th day of July, 2018.

Patricia Ruser, Plaintiff

BY: /s/ Kelly K. Brandon

Kelly K. Brandon, #20734
Stephanie J. Costello, #26309
Fiedler & Timmer, P.L.L.C.
20615 Highway 370
Gretna, NE 68028
(402) 316-3060
(402) 513-6501 (facsimile)
kelly@employmentlawnebraska.com
stephanie@employmentlawnebraska.com

Attorneys for Plaintiff

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document

was served by first class mail, postage prepaid on the 18th day of July, 2018

upon the following:

Liggett Vector Brands, L.L.C.
c/o C T Corporation Systems
5601 South 59th Street
Lincoln, NE 68516


/s/ Kelly K. Brandon_____

13

# Certificate of Service

I hereby certify that on Wednesday, July 18, 2018 I provided a true and correct copy of the Amended Complaint to the following:

Liggett Vector Brands, LLC service method: First Class Mail

Ruser,Patricia, represented by Stephanie Jeanne Costello (Bar Number: 26309) service method: Electronic Service to stephanie@employmentlawnebraska.com

Signature: /s/ Kelly K. Brandon (Bar Number: 20734)

## SERVICE RETURN

Doc. No.    554160

Douglas District Court
1701 Farnam
Omaha              NE 68183

To:
Case ID: CI 18    2131 Ruser v. Liggett Vector Brands, LLC

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                          _____

Mileage _____miles        _____

   TOTAL                $ _____

Date: _____   BY: _____
                                              (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                      _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Liggett Vector Brands, LLC          From: Kelly K Brandon
    c/o C T Corporation System                20615 Highway 370
    5601 South 59th St                        Gretna, NE 68028
    Lincoln, NE 68516

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0007186568
Filing Date: 07/30/2018 11:11:02 AM CDT

**SERVICE RETURN**

Douglas District Court
1701 Farnam
Omaha                NE 68183

To:
Case ID: CI 18   2131 Ruser v. Liggett Vector Brands, LLC

Received this Summons on _____,_____. I hereby certify that on

_____,_____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                        _____

Mileage _____miles        _____

   TOTAL                 $ _____

Date: _____      BY: _____
                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Liggett Vector Brands, LLC

At the following address:  c/o CT Corporation Systems

   5601 South 59th Street, Lincoln, NE 68516

_____

on the ___16th___ day of ___July___          ___2018___, as required by Nebraska state law.

                                    /s/ Kelly K. Brandon
                                    _____

Postage $ _8.51_      Attorney for:   Patricia Ruser

The return receipt for mailing to the party was signed on _July 19_, _2018_.

To: Liggett Vector Brands, LLC          From: Kelly K Brandon
    c/o C T Corporation System                20615 Highway 370
    5601 South 59th St                        Gretna, NE 68028
    Lincoln, NE 68516

# ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Liggett Vector Brand LLC
c/o CT Corp. System
5601 South 59th Street
Lincoln Ne 68516

9590 9402 2234 6193 0864 08

2. Article Number (Transfer from service label)
7016 1370 0001 9362 8718

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Josh Halbrook_    ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# Certificate of Service

I hereby certify that on Monday, July 23, 2018 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Liggett Vector Brands, LLC service method: No Service

Ruser,Patricia, represented by Stephanie Jeanne Costello (Bar Number: 26309) service method: Electronic Service to stephanie@employmentlawnebraska.com

Signature: /s/ Kelly K. Brandon (Bar Number: 20734)

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRAS.

| | |
|---|---|
| PATRICIA RUSER _____ | ) |
| Plaintiff/Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| LIGGETT VECTOR BRANDS L.L.C. | ) |
| Defendant/Respondent. | ) |

PROPOSED SCI

001681116D01

CASE # CI 18 - 2131
OLD CASE # _____

JUDGE GARY B. RANDALL

TYPE OF CASE:    __X__ LAW    _____ EQUITY

**CHOOSE EITHER A, B, OR C:**

A. The parties have been unable to agree upon a Proposed Scheduling Order and are required to appear at a scheduling Conference hearing which has been set for **October 9, 2018 at 10:30 a.m.** The party submitting this form shall properly notify the other party or parties.

B. Trial Scheduled/Trial Held Date: _____

C. The parties to this action have conferred and agree as follows:

1. The parties are requesting a pre-trial conference ____ yes ____ no. If so, the parties have contacted the Court and it is set for _____, 20____ at ____:____.

2. The parties shall complete fact discovery on _____

3. The parties shall file any amended pleadings and shall join any additional parties to the action by not later than _____

4. The parties shall designate expert witnesses, if any, including curriculum vitae, and the subject matter about which each such expert is expected to testify by the following dates unless the parties mutually agree otherwise to extend deadlines for expert witnesses.
   Plaintiff expert(s) by:
   All discovery shall be completed on such expert witnesses, including depositions, by not later than _____
   Defendant's expert(s) by:
   All discovery shall be competed on such expert witnesses, including Depositions, by not later than _____

5. The parties shall complete all agreed-upon means/methods of alternative dispute resolution by not later than _____

6. The parties shall file all non-dispositive pre-trial motions by not later than _____, and the parties shall file all dispositive pre-trial motions by not later than _____

7. The parties shall identify (a) all documents which may be offered in evidence, and (b) all witnesses who may be called to testify, including each witness's name and address, by not later than _____

8. The parties are requesting a ____ jury trial ____ non-jury/bench trial.

9. Local Rule 4-3 shall be complied with no later than (90) days from the date this form is presented to the Court Administrator. Parties shall be responsible to report to Conciliation Court for compliance.

10. The parties must be prepared for trial by not later than _____

11. The anticipated length of the trial will be _____

12. The original has been presented to the Court Administrator for review.
    Dated this ___ day of _____, 20___.

_____
Kelly K. Brandon
20615 Highway 370, Gretna, NE 68028
402.316.3060

_____
Defendant's/Respondent's Attorney [Sign and Print Name]
Address
Telephone Number

**DOMESTIC RELATIONS**

____ Dissolution
____ Separate Maintenance
____ Annulment
____ Other/Explain: _____

____ MINOR CHILDREN (Rule 4-3 Applicable)

____ MODIFICATION
____ Alimony
____ Child Support
____ Parenting Time

____ Check if Additional parties, and identify on back of this form.

**JUDGE USE ONLY**

Scheduling Conference: _____
Pre-Trial Conference: _____
Ready for Trial Date: _____
Trial Date: _____
Jury Instructions Due: _____
Exhibits due to Court Reporter: _____

COPY

IT IS SO ORDERED this ____ day of _____, 20___.
BY THE COURT:

_____
District Court Judge

REV. CT. ADMIN.

Dated 8-2-18

REV. 05/19/14

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

PATRICIA RUSER                                    )            PROPOSED SCHEDULING ORDER
                    Plaintiff/Petitioner,          )   #6   FILED
                                                   )        IN DISTRICT COURT
                                                   )      DOUGLAS COUNTY NEBRASKA            CASE # CI 18 - 2131
        vs.                                        )                                        OLD CASE # _____
                                                   )         AUG 06 2018
LIGGETT VECTOR BRANDS L.L.C.                       )                                        JUDGE GARY B. RANDALL
                    Defendant/Respondent.          )     JOHN M. FRIEND
                                                   )    CLERK DISTRICT COURT

TYPE OF CASE:  __X__ LAW  _____ EQUITY

**CHOOSE EITHER A, B, OR C:**

**A.** The parties have been unable to agree upon a Proposed
Scheduling Order and are required to appear at a scheduling
Conference hearing which has been set for **October 9,
2018 at 10:30 a.m.** The party submitting this form shall properly
notify the other party or parties.

**B.** Trial Scheduled/Trial Held Date: _____

**C.** The parties to this action have conferred and agree as follows:

1. The parties are requesting a pre-trial conference ___ yes ___ no.
   If so, the parties have contacted the Court and it is set for _____, 20___ at ___:___.

2. The parties shall complete fact discovery on _____.

3. The parties shall file any amended pleadings and shall join any additional
   parties to the action by not later than _____.

4. The parties shall designate expert witnesses, if any, including curriculum vitae, and the subject matter about which each such expert
   is expected to testify by the following dates unless the parties mutually agree otherwise to extend deadlines for expert witnesses.
   **Plaintiff expert(s) by:** _____.
   All discovery shall be completed on such expert witnesses, including depositions, by not later than _____.
   **Defendant's expert(s) by:** _____.
   All discovery shall be competed on such expert witnesses, including Depositions, by not later than _____.

5. The parties shall complete all agreed-upon means/methods of alternative dispute resolution by not later than _____.

6. The parties shall file all non-dispositive pre-trial motions by not later than _____, and the parties shall file all dispositive
   pre-trial motions by not later than _____.

7. The parties shall identify (a) all documents which may be offered in evidence, and (b) all witnesses who may be called to testify,
   including each witness's name and address, by not later than _____.

8. The parties are requesting a _____ jury trial _____ non-jury/bench trial.

9. Local Rule 4-3 shall be complied with no later than (90) days from the date this
   form is presented to the Court Administrator. Parties shall be responsible to report
   to Conciliation Court for compliance.

10. The parties must be prepared for trial by not later than _____

11. The anticipated length of the trial will be _____.

12. The original has been presented to the Court Administrator for review.
    Dated this __30st__ day of __July__, 20__18__.

Kelly K. Brandon
20615 Highway 370, Gretna, NE 68028
402.316.3060

DOMESTIC RELATIONS                    _____ MODIFICATION

_____ Dissolution                     _____ Alimony
_____ Separate Maintenance            _____ Child Support
_____ Annulment                       _____ Parenting Time
_____ Other/Explain: _____

_____ MINOR CHILDREN (Rule 4-3 Applicable)

_____ Check if Additional parties, and identify on
back of this form.

JUDGE USE ONLY

Scheduling Conference: _____
Pre-Trial Conference: _____
Ready for Trial Date: _____
Trial Date: _____
Jury Instructions Due: _____
Exhibits due to Court Reporter: _____

0017207B1D01

Defendant's/Respondent's Attorney [Sign and Print Name]
Address
Telephone Number

IT IS SO ORDERED this __6th__ day of __August__, 20__18__
BY THE COURT:

District Court Judge

REV. CT. ADMIN.

Dated __8-2-18__

REV. 05/19/14

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on August 6, 2018 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Liggett Vector Brands, LLC               Kelly K Brandon
c/o C T Corporation System               kelly@employmentlawnebraska.com
5601 South 59th St
Lincoln, NE 68516


Date: August 6, 2018     BY THE COURT: _John M. Friend_
                                        CLERK

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0007262472
Filing Date: 08/07/2018 10:16:04 AM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY NEBRASKA

| | | |
|---|---|---|
| PATRICIA RUSER, | ) | Case No.: CI 18 - 2131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| LIGGETT VECTOR BRANDS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO THE CLERK OF SAID COURT:**

Please issue an alias summons for service by Plaintiff by Certified Mail with a copy of the Second Amended Complaint and Jury Demand upon:

Liggett Vector Brands LLC
P O Box 2010
Morrisville, NC 27560

Dated this 7th day of August, 2018.

PATRICIA RUSER,  Plaintiff

By:   /s/ Kelly K. Brandon

Kelly K. Brandon, # 20734
Stephanie Costello, #26309
**FIEDLER & TIMMER, P.L.L.C.**
20615 Highway 370
Gretna, NE  68028
Telephone: (402) 316-3060
Fax: (402) 513-6501
kelly@employmentlawnebraska.com
stephanie@employmentlawnebraska.com

ATTORNEYS FOR PLAINTIFF

Image ID:
D00558671D01

SUMMONS

Doc. No.   558671

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

Patricia Ruser v. Liggett Vector Brands, LLC

Case ID: CI 18    2131

TO:  Liggett Vector Brands, LLC

**FILED BY**
Clerk of the Douglas District Court
08/07/2018

You have been sued by the following plaintiff(s):

      Patricia Ruser

Plaintiff's Attorney:     Kelly K Brandon
Address:                  20615 Highway 370
                          Gretna, NE 68028

Telephone:                (402) 316-3060

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  AUGUST  7, 2018      BY THE COURT:  John M. Friend
                                           Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

      Liggett Vector Brands, LLC
      PO Box 2010
      Morrisville, NC 27560

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

## SERVICE RETURN

Doc. No.   558671

Douglas District Court
1701 Farnam
Omaha            NE 68183

To:
Case ID: CI 18    2131 Ruser v. Liggett Vector Brands, LLC

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                        _____

Mileage _____miles        _____

    TOTAL            $ _____

Date: _____    BY: _____
                                                          (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                              _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

To: Liggett Vector Brands, LLC          From:  Kelly K Brandon
    PO Box 2010                                 20615 Highway 370
                                                Gretna, NE 68028
    Morrisville, NC 27560

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0007323278
Filing Date: 08/20/2018 09:44:48 AM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY NEBRASKA

| | | |
|---|---|---|
| PATRICIA RUSER, | ) | Case No.: CI 18 - 2131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| LIGGETT VECTOR BRANDS, LLC, | ) | |
| | ). | |
| Defendant. | ) | |
| | ) | |

**TO THE CLERK OF SAID COURT:**

Please issue an alias summons for service by Plaintiff by Certified Mail with a copy of the Complaint and Jury Demand upon:

Liggett Vector Brands LLC
P O Box 2010
Morrisville, NC 27560

Dated this 20th day of August, 2018.

PATRICIA RUSER,  Plaintiff

By:   /s/ Kelly K. Brandon
Kelly K. Brandon, # 20734
Stephanie Costello, #26309
**FIEDLER & TIMMER, P.L.L.C.**
20615 Highway 370
Gretna, NE 68028
Telephone: (402) 316-3060
Fax: (402) 513-6501
kelly@employmentlawnebraska.com
stephanie@employmentlawnebraska.com

ATTORNEYS FOR PLAINTIFF

| Image ID:<br>D00561047D01 | SUMMONS | Doc. No.   561047 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                  NE 68183

Patricia Ruser v. Liggett Vector Brands, LLC

Case ID: CI 18    2131

TO:  Liggett Vector Brands, LLC

**FILED BY**
Clerk of the Douglas District Court
08/20/2018

You have been sued by the following plaintiff(s):

Patricia Ruser

Plaintiff's Attorney:     Kelly K Brandon
Address:                  20615 Highway 370
                          Gretna, NE 68028

Telephone:                (402) 316-3060

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  AUGUST 20, 2018        BY THE COURT:   John M. Friend
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Liggett Vector Brands, LLC
        PO Box 2010
        Morrisville, NC 27560

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | | Doc. No.   561047 |
|---|---|---|

```
                Douglas District Court
          1701 Farnam
          Omaha              NE 68183
```

To:
Case ID: CI 18   2131 Ruser v. Liggett Vector Brands, LLC

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                        _____

Mileage _____miles          _____

   TOTAL              $ _____

Date: _____   BY: _____
                                           (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Liggett Vector Brands, LLC          From: Kelly K Brandon
    PO Box 2010                               20615 Highway 370
                                              Gretna, NE 68028
    Morrisville, NC 27560

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180002131
Transaction ID: 0007331188
Filing Date: 08/21/2018 11:36:49 AM CDT

**SERVICE RETURN**

Douglas District Court
1701 Farnam
Omaha            NE 68183

To:
Case ID: CI 18      2131 Ruser v. Liggett Vector Brands, LLC

Received this Summons on _____,_____. I hereby certify that on

_____,_____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                    _____

Mileage ____miles       _____

   TOTAL           $ _____

Date: _____      BY: _____
                                        (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Liggett Vector Brands, LLC _____

At the following address: P O Box 2010, Morrisville, NC 27560 _____

_____

_____

on the ____9th____ day of ____August____            ____2018____, as required by Nebraska state law.

/s/ Kelly K. Brandon
_____

Postage $ ____7.30____   Attorney for:   Patricia Ruser _____

The return receipt for mailing to the party was signed on August 17 _____, 2018.

To: Liggett Vector Brands, LLC          From: Kelly K Brandon
    PO Box 2010                               20615 Highway 370
                                              Gretna, NE 68028
    Morrisville, NC 27560

# ATTACH RETURN RECEIPT & RETURN TO COURT

8/21/2018                                     USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs  >  (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

**Tracking Number:** 70161370000193628701                          Remove ✕

Your item has been delivered and is available at a PO Box at 9:04 am on August 17, 2018 in
MORRISVILLE, NC 27560.

## ✓ Delivered

August 17, 2018 at 9:04 am
Delivered, PO Box
MORRISVILLE, NC 27560

**Get Updates** ∨

---

| Text & Email Updates | ∨ |
|---|---|

| Tracking History | ∨ |
|---|---|

| Product Information | ∨ |
|---|---|

---

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

# Certificate of Service

I hereby certify that on Tuesday, August 21, 2018 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Ruser,Patricia, represented by Stephanie Jeanne Costello (Bar Number: 26309) service method: Electronic Service to stephanie@employmentlawnebraska.com

Liggett Vector Brands, LLC service method: No Service

Signature: /s/ Kelly K. Brandon (Bar Number: 20734)